```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF INDIANA
                     SOUTH BEND DIVISION

TERRY A. HODGE,                  )
                                 )
Petitioner,                      )
                                 )
vs.                              )   CAUSE NO. 3:11-CV-370
                                 )
SUPERINTENDENT, INDIANA          )
STATE PRISON,                    )
                                 )
Respondent.                      )
```

OPINION AND ORDER

This matter is before the Court on a Petition under 28 U.S.C. section 2254 for Writ of Habeas Corpus by a person in State Custody filed by Terry Hodge on September 13, 2011. For the reasons set forth below, the petition (DE 1) is **DENIED**, the Petitioner is **DENIED** a certificate of appealability, and the Clerk is **DIRECTED** to close this case.

BACKGROUND

Terry Hodge is serving a ninety-five year sentence based on his 1994 Lake County convictions for one count of murder and one count of attempted murder (DE 6-1 at 10). The Indiana Supreme Court affirmed Hodge's convictions on direct appeal on December 5, 1997. *Hodge v. State*, 688 N.E.2d 1246 (Ind. 1997). Hodge filed a petition for post-conviction relief, which the trial court denied. (DE 6-1 at 7,9). On November 14, 2001, The Court of Appeals of Indiana affirmed the denial of the petition for post-conviction relief,

holding that Hodge's trial counsel was not ineffective because he decided not to call a witness or to request that the witness's deposition be admitted in lieu of his live testimony (DE 6-11). Hodge filed a request for leave to file a successive post-conviction relief petition, alleging ineffective assistance of trial counsel, appellate counsel, and his first post-conviction counsel for not objecting to or raising the issue of the efficacy of the trial court's attempted murder and accomplice liability instructions. The trial court denied relief, and the Court of Appeals of Indiana affirmed the denial of the successive petition for post-conviction relief on December 15, 2010 (DE 6-16). The Indiana Supreme Court denied transfer on June 21, 2011 (DE 6-12 at 6).

As stated by the Indiana Supreme Court on direct appeal, the facts in the Petitioner's case are as follows:

> [T]he defendant met Miller outside of a liquor store a few weeks prior to the shooting. After the two men briefly renewed each others acquaintance from high school days, the defendant agreed to purchase a video cassette recorder (VCR) from a woman standing outside the store. The woman had previously talked to Miller about the VCR. After purchasing the equipment, the defendant discovered that it did not have a remote control. A few weeks later the defendant asked Andrew Ford for a ride and the two men rode off with a third person who was driving the car. As they approached an intersection, they honked at the car Miller was driving with Patrick Carter in the passenger's side front seat. Miller stopped and the defendant got out of his car and engaged Miller in an argument about the remote control. The defendant stated that he ought to take Miller's car and then reached inside the car to take the keys. A struggle ensued, during which the car occupied by Ford pulled in front of

> Miller's car. The defendant spoke to Ford, who then approached and, after the defendant stepped back, fired into the car, killing Carter and paralyzing Miller. A nearby police officer heard the gunfire and approached the scene of the shooting. As he noticed the victim's car at the intersection, he saw the defendant standing on the driver's side and Ford standing on the passenger side. When the officer neared the car, both men ran.

*Hodge*, 688 N.E.2d at 1248.

DISCUSSION

This petition is governed by the provisions of the Anti-Terrorism and Death Penalty Act of 1996, *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997), which allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Hodge's petition for writ of habeas corpus presents five grounds, all of which assert ineffective assistance of counsel. Where a petitioner asserts ineffectiveness of counsel under the Sixth Amendment, the governing Supreme Court case is *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a habeas applicant to establish that his counsel's performance fell below an objective standard of reasonableness, and that this deficiency actually caused prejudice. *Martin v. Evans*, 384 F.3d 848, 851 (7th Cir. 2004), citing *Strickland*, 466 U.S. at 687-88.

To satisfy the first prong of the *Strickland* test, a habeas applicant must show that counsel made errors so serious that

counsel was not functioning as the counsel guaranteed by the Sixth Amendment. *Williams v. Taylor*, 529 U.S. 362, 390 (2000). In considering counsel's performance, a reviewing court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

To satisfy the *Strickland* test's second prong, a habeas petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

STATE CONSTITUTIONAL CLAIMS

The Petitioner asserts that he was denied "the effective assistance of counsel as guaranteed by the Indiana Constitution" and provisions of the United States Constitution (DE 1 at 1). But violations of state law do not entitle prisoners to habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62 (1991). Federal courts may grant habeas relief under § 2254 "only on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, Hodge's claim that his conviction violated provisions of Indiana's Constitution states no claim upon which habeas relief can be granted.

PETITIONER'S CLAIM THAT HIS TRIAL COUNSEL WAS INEFFECTIVE
FOR NOT PRESENTING A SELF-DEFENSE CLAIM AND BY FAILING TO
INTERVIEW AND CALL WITNESSES AT TRIAL

In ground one of his habeas petition, Hodge alleges that his trial counsel was ineffective because he failed "to properly present the self-defense claim by failing to timely interview and present at trial available crime scene witnesses: Mayola Herrod, Ramone Wilkes and Andrew Ford" (DE 1 at 6).

Failure to call Ramone Wilkes as a witness at trial

In his appeal of the denial of his post-conviction petition, Hodge argued that his trial counsel was ineffective for not putting Wilkes on the stand during his trial (DE 6-8 at 17-22). The Indiana appellate court properly identified the *Strickland* standard as governing the resolution of Hodge's ineffective assistance of trial counsel claims (DE 6-11 at 7). The Indiana appellate court concluded that defense counsel's "decision not to call Wilkes to the stand was a strategic one" (DE 6-11 at 8), and that his performance did not fall below prevailing professional standards or cause Hodge to be prejudiced.

A Federal court may grant habeas relief if a state court identifies the correct legal principle from Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). Accordingly, this Court must determine whether the state court's application of *Strickland* was reasonable. To support a claim of ineffective assistance of counsel on habeas review, a petitioner

must show that the state court's application of *Strickland's* attorney-performance standard was objectively unreasonable. *Bell v. Cone*, 535 U.S. 685, 702 (2002).

At the time of Hodge's trial, Wilkes was serving a prison term in Wisconsin. Wilkes was brought back to Indiana but the Wisconsin prison did not send his personal clothing along with him and he was unable to obtain street clothing from another source before the trial (DE 6-11 at 7). Hodge's counsel informally requested that Wilkes' videotaped deposition be admitted in lieu of his live testimony. (*Id.* at 8, n. 4).

The Indiana court of appeals concluded that Hodge's trial counsel had strategically chosen not to present Wilkes as a witness because he believed that Wilkes's prison garb would impair the credibility of his testimony (DE 6-11 at 8). The court of appeals further determined that Wilkes' deposition testimony would not have been admissible in *lieu* of live testimony because Wilkes was not "unavailable as witness" simply because he would have had to have testified in jail attire (*Id.*).

The Indiana Court of Appeals' finding that trial counsel was not ineffective in regard to not calling Wilkes as a witness is not an unreasonable application of clearly established federal law. A state court's application of federal constitutional law will be upheld if it is "at least minimally consistent with the facts and circumstances of the case." *Rice v. McCann*, 339 F.3d 546, 549 (7th Cir. 2003) (quoting *Sanchez v. Gilmore*, 189 F.3d 619, 623 (7th Cir. 1999)).

### Failure to call Andrew Ford as a witness at trial

Hodge also asserts that his trial counsel was ineffective for not calling Andrew Ford as a witness at trial (DE 1 at 6). Ford, Hodge's nephew, arrived at the scene with Hodge, and fired the shots that killed Carter and paralyzed Miller. *Hodge*, 688 N.E.2d at 1247-1248. Ford did not testify at Hodge's trial, but did testify at the post-conviction hearing, where he stated "that he alone shot Carter and Miller, and that he was not acting in concert with Hodge when he shot the two men" (DE 6-11 at 12). Hodge argued that Ford's testimony was newly discovered evidence, a claim the state courts rejected. The Indiana Court of Appeals concluded that:

> Hodge surely knew that Ford, his nephew, was the gunman. It is apparent from the record that Hodge's defense counsel also had such knowledge because he issued Ford a subpoena in order to compel his presence at Hodge's criminal trial. Ford himself was awaiting trial for the shooting of Carter and Miller. However, the subpoena was withdrawn after Hodge was informed by Ford's counsel that Ford would assert his Fifth Amendment privilege if called to testify at Hodge's criminal trial.

DE 6-11 at 11.

In reviewing Hodge's direct appeal, the Indiana Court of Appeals stated that:

> Hodge had hoped that Andrew Ford would testify on Hodge's behalf about what happened on April 23, 1993. Unfortunately, on September 13, 1994, which was the day that testimony began in Hodge's trial, Ford, through his lawyer, made it clear that he was invoking his "fifth amendment privilege" and would "not testify for anybody in this matter." As such, Terry Hodge was not able to call Andrew Ford as a defense witness.

DE 6-8 at 12.

Hodge argued in his post-conviction appeal that Ford's

7

testimony was newly discovered evidence, but he never argued to the state courts that his trial counsel was ineffective for not calling Ford as a witness. Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). The exhaustion requirement is premised on concerns of comity; the state courts must be given the first opportunity to address and correct violations of their prisoners' federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). For that opportunity to be meaningful, a petitioner must fairly present his constitutional claims in one complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845.

The companion procedural default doctrine precludes a federal court from reaching the merits of a habeas petition when either: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state law procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *Perruquet*, 390 F.3d at 514. When a habeas petitioner fails to fairly present his claim to the state courts and the opportunity to raise that claim has now passed, the claim is procedurally defaulted. *Boerckel*, 526 U.S. at 853-54.

A habeas petitioner can overcome a procedural default by

showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008). Cause sufficient to excuse a procedural default is defined as "some objective factor external to the defense" which prevented a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986).

Hodge does not assert cause and prejudice to excuse his procedural default on this claim. Moreover, the facts, as found by the Court of Appeals of Indiana, establish that Hodge's trial counsel did attempt to obtain Ford's testimony at Hodge's trial, but was thwarted because Ford exercised his Fifth Amendment rights and refused to testify on Hodge's behalf. Nothing in the record suggests that Hodge's trial counsel was ineffective in regard to his attempts to obtain Ford's testimony on Hodge's behalf.

A habeas petitioner may also overcome a procedural default by establishing that the court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006); *Coleman*, 501 U.S. at 750. Under this narrow exception, a petitioner must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's . . . ." *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original). "It is important to note in this regard that 'actual

9

innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Hodge has not argued that this Court's failure to consider whether his trial counsel was ineffective for not calling Ford as a witness at trial would result in a fundamental miscarriage of justice, and the record establishes that his trial counsel made every attempt to obtain Ford's testimony. The problem arose not with Hodge's trial counsel, but with Ford's unilateral decision not to help Hodge.

<u>Failure to call Mayloa Herrod as a witness at trial</u>

Finally, Hodge also asserts that his trial counsel was ineffective for not calling Mayloa Herrod as a witness at trial (DE 1 at 6). But Hodge did not argue to the state courts that his trial counsel was ineffective for not calling Herrod as a witness, and he has procedurally defaulted this claim. *Boerckel*, 526 U.S. at 845 (a habeas petitioner must fairly present his constitutional claims in one complete round of state review). Hodge has not presented a cause and prejudice argument in regard to Herrod, nor has he asserted that this Court's refusal to consider this procedurally defaulted claim would result in a fundamental miscarriage of justice.

<u>PETITIONER'S CLAIM THAT HIS TRIAL COUNSEL WAS INEFFECTIVE FOR NOT OBJECTING TO IMPROPER JURY INSTRUCTIONS AND FOR NOT TENDERING PROPER INSTRUCTIONS</u>

In ground two of his petition, Hodge alleges that his trial counsel was ineffective because he "failed to object to improper jury instructions and tender proper instructions on attempted

murder and accomplice liability" (DE 1 at 6). The Respondent argues that this claim is barred by procedural default because the Indiana Court of Appeals expressly found it to be waived.

The procedural default doctrine precludes a federal court from reaching the merits of a habeas petition when the claim was presented to the state courts and was denied on the basis of an adequate and independent state law procedural ground or when the claim was not presented to the state courts and is now procedurally barred under state law. *Coleman*, 501 U.S. at 735; *Perruquet*, 390 F.3d at 514. When a habeas petitioner fails to fairly present his claim to the state courts and the opportunity to raise that claim has now passed, the claim is procedurally defaulted. *Boerckel*, 526 U.S. at 853-54. Hodge asserted in his first petition for post-conviction relief that his trial counsel was ineffective, but his post-conviction appellate brief did not assert that his trial counsel was ineffective for failing to challenge these instructions (DE 6-8).

In Indiana, a criminal defendant alleging ineffectiveness of trial counsel must include all allegations of acts or omissions that fail the requirements of the Sixth Amendment or waive them for subsequent review. *See Ben-Yisrayl v. State*, 738 N.E.2d 253, 259 (Ind. 2000), *reh'g denied, cert. denied* 534 U.S. 1164 (2002) (citing *Woods v. State*, 701 N.E.2d 1208 (Ind. 1998)). Hodge raised his argument that his counsel was ineffective for not objecting to jury instructions or tendering different instructions in his successive petition for post-conviction relief. The Court of

11

Appeals of Indiana found that because he did not present those arguments in his first petition for post-conviction relief "Hodge waives the issues of effectiveness of counsel and of the validity of the trial court's attempted murder and accomplice liability instructions" (DE 6-16 at 8). Accordingly, Hodge procedurally defaulted this claim.

Hodge does not assert in either his traverse or his amended traverse that some factor external to the defense prevented him from presenting his claim regarding instructions in his first petition for post-conviction relief. Accordingly, he has not shown cause or prejudice for his failure to include this claim in his petition for post-conviction relief.

In his amended traverse, Hodge argues that "the record is completely devoid of any evidence that Hodge took a substantial step to assist Ford in the killing of Miller and Carter" (*Id*. at 24), which could be construed as a fundamental miscarriage of justice argument. But in its direct appeal opinion, the Indiana Court of appeals addressed Hodge's sufficiency of the evidence argument, and concluded that:

> The jury could have found accomplice liability based on Ford's conduct coupled with the defendant's instigation of the argument, and the fact that he spoke with Ford immediately prior to the shooting and stepped back while Ford fired into the car. We cannot conclude that no reasonable jury could have found the defendant guilty as an accomplice of murder and attempted murder.

DE 6-6 at 6.

Because there existed sufficient evidence to support Hodge's

conviction as an accomplice for murder and attempted murder, his fundamental miscarriage of justice argument fails. Hodge has not met his burden of establishing an actual innocence claim.

### PETITIONER'S CLAIM THAT HIS POST-CONVICTION COUNSEL WAS INEFFECTIVE

In ground three of his petition for writ of habeas corpus, Hodge argues that he was denied "the effective assistance of post-conviction counsel" (DE 1 at 7). But Hodge's attempt to argue ineffective assistance of state post-conviction counsel is not cognizable on federal habeas review because a state prisoner has no right to counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555(1987); *Powell v. Davis*, 415 F.3d 722, 727 (7th Cir. 2005) (As a matter of federal law a person has no right to counsel in post-conviction proceedings). *See also Szabo v. Wells*, 313 F.3d 392, 397 (7th Cir. 2002) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Ineffective assistance of post-conviction counsel also does not supply "cause" for the cause-and-prejudice formula under which federal courts sometimes entertain claims that were not properly presented to the state courts. *Szabo*, 313 F.3d at 397.

## PETITIONER'S CLAIMS THAT HIS DIRECT APPEAL COUNSEL WAS INEFFECTIVE

In ground four of his petition for writ of habeas corpus, Hodge asserts that his direct appeal counsel was ineffective because he "failed to raise as fundamental error the erroneous instructions on attempted murder and accomplice liability" (DE 1 at 7), and because he "failed to properly present newly discovered evidence involving Andrew Ford's claim that he shot the two men because they were attempted (sic) to kill Petitioner Hodge" (*Id.*). In ground five of his petition, Hodge asserts that his appellate counsel was ineffective because he "failed to raise on direct appeal material and relevant evidence of actual innocence and a fundamental miscarriage of justice (DE 1 at 8). The Respondent argues that all of his ineffectiveness of appellate counsel claims are procedurally defaulted.

> Hodge's argument that his appellate counsel was ineffective because he failed to raise as fundamental error the attempted murder and accomplice liability instructions.

Hodge did not raise any question in his post-conviction appeal as to the effectiveness of his appellate counsel; he only asserted that his trial counsel was ineffective (DE 6-8 at 17). Hodge did assert in his appeal from the denial of his successive petition for post-conviction relief that "his appellate counsel erred in failing to raise the improper instructions as fundamental error" (DE 6-13 at 14). But the Indiana Court of Appeals found that Hodge had waived all of the issues presented in his successive post-conviction petition by not presenting them in his first petition

14

for post-conviction relief (DE 6-16 at 8). The court of appeals specifically found that Hodge had waived the issue of fundamental error based on erroneous attempted murder accomplice instructions (*Id.* at 8).

This Court has already determined that Hodge has not shown cause for the failure to raise the jury instructions claim in his petition for post-conviction relief, and that he has not established that this Court's refusal to consider his defaulted claim related to jury instructions would result in a fundamental miscarriage of justice. Accordingly, he may not excuse his procedural default for failing to present his claim to the state courts that his appellate counsel was ineffective for not pursuing the question of instructions on attempted murder and accomplice liability.

> <u>Hodge's argument that his appellate counsel was ineffective because he failed to raise a newly discovered evidence claim involving Andrew Ford</u>

Hodge presented his newly discovered evidence claim regarding Ford's testimony to the state courts in his petition for post-conviction relief. But he never argued in any of his state appeals that his appellate counsel was ineffective for failing to present the "newly discovered" evidence from Ford in his direct appeal, so he procedurally defaulted that argument. In any event, in its opinion addressing Hodge's appeal from the denial of his petition for post-conviction relief, the Indiana Court of Appeals concluded that Ford's testimony was not newly discovered evidence (DE 6-11 at

15

10-12). Moreover, the record establishes that Hodge's direct appeal counsel did argue that the trial court erred by failing to compel Ford to testify at Hodge's motion to correct errors hearing after Ford invoked his Fifth Amendment privilege (DE 6-3 at 43-46).

> <u>Hodge's argument that his appellate counsel was ineffective because he failed to raise on direct appeal material and relevant evidence of a fundamental miscarriage of justice.</u>

In ground five of his habeas petition, Hodge asserts that his appellate counsel was ineffective because he did not raise the question of a fundamental miscarriage of justice in his direct appeal (DE 1 at 8). Hodge raised this claim in his successive petition for post-conviction relief, and the Indiana Court of Appeals treated his fundamental error argument as a freestanding claim (DE 6-16 at 6).

On appeal from the denial of Hodge's successive petition for post-conviction relief, the Court of Appeals of Indiana found that Hodge waived all claims of ineffective assistance of counsel not raised in his petition for post-conviction relief, including his freestanding fundamental error claim (DE 6-16 at 7-8). Accordingly, Hodge's habeas claim of ineffective assistance of appellate counsel is procedurally barred because the Indiana courts disposed of it upon the adequate and independent state law ground of waiver.

Hodge does not assert in either his traverse or his amended traverse that some factor external to the defense prevented him from presenting his fundamental error/actual innocence argument in his first petition for post-conviction relief. Accordingly, he has

16

not shown cause or prejudice for his failure to include this claim in his petition for post-conviction relief.

In his amended traverse Hodge does argue actual innocence and a fundamental miscarriage of justice. But the Court of Appeals of Indiana explicitly rejected this argument. Hodge testified at trial just as Ford would have testified according to his post-conviction testimony. The court of appeals noted that the trial turned on whether the jury accepted Hodge's account of what happened or that of Miller, the surviving victim.

> Hodge and Ford essentially testified to the same version of events. Further, we do not believe that the jury would have viewed Ford's testimony as substantial evidence that could have effected the outcome of Hodge's trial. The resolution of Hodge's trial turned entirely on whether the jury accepted the account of Miller, the victim who survived the shootings, or Hodge. Miller's testimony was considerable independent evidence supporting Hodge's conviction. Because we be believe that Ford's testimony was cumulative of Hodge's trial testimony, we do not believe in all probability that there would be a different verdict on retrial.

DE 6-11 at 12.

As to Hodge's effort to excuse his procedural default because of fundamental error, he falls far short of showing that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.' " *House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup*, 513 U.S. at 327). The testimony from Hodge's nephew Ford adds nothing to the evidence already before the jury at the original trial, and a reasonable jury could as easily have believed the

17

testimony of Miller, the surviving victim as it did in the original trial.

CERTIFICATE OF APPEALABILITY

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the Court must consider whether to grant the Petitioner a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated in this memorandum, the Court concludes that Hodge's petition must be denied because his trial counsel was not ineffective in the grounds properly raised in his petition and that he procedurally defaulted his other claims of ineffective assistance of trial counsel; because effectiveness of post-conviction counsel states no ground for relief under Section 2254; and because Hodge procedurally defaulted all of his ineffective assistance of direct-appeal counsel claims. Hodge has not established that jurists of reason could debate the correctness of these rulings or find a reason to encourage him to proceed further. Accordingly, the Court declines to issue Hodge a certificate of appealability.

CONCLUSION

For the reasons set forth above, the Court **DISMISSES** the petition (DE 1), **DIRECTS** the Clerk to close this case, and **DENIES** a certificate of appealability.

DATED: May 31, 2013              /s/RUDY LOZANO, Judge
                                 United State District Court